# WINTER SESSIONS,

## 1901.

———•———

WILLIAM CRAIG, plaintiff below, plaintiff in error, *vs.* BENJAMIN
F. GINN, defendant below, defendant in error.

*Writ of Error—Malicious Prosecution; Termination of; When
Action for Will Lie—Duress—Party Impeaching Evidence
He Introduced.*

1. It is essential to the maintenance of an action for malicious prosecution that
the plaintiff shall prove, among other things, that the prosecution was not only termi-
nated, but terminated in his favor, but it is not necessary that it should have terminated
in a verdict of acquittal. It may be by *nolle prosequi* or in some other way. A volun-
tary abondonment of the case by the complainant is such a termination as will sustain
an action.

2. But the rule is well settled that where the termination of the prosecution
has been brought about by the procurement of the party prosecuted, or by compromise
or agreement of the parties, an action for malicious prosecution cannot be maintained.

3. When the prisoner is discharged because of an agreement made and
accepted for his accommodotion, whereby he and his surety bind themselves to pay
whatever sum is found to be due at a conference to be had between the parties, or in
the event of their failure to agree, whatever judgment might be obtained against him
in an action at law for that purpose, (and he also pays a part of the costs of prosecution) ;
it presents a case of the termination of the prosecution by the procurement and consent
of the defendant therein, or by a compromise and settlement of the matters in dispute,
and will not sustain an action for malicious prosecution.

4. When such agreement has been put in evidence by the plaintiff, as a
material part of his case, he will not be permitted to contend that it was obtained by
duress or fraud.

(*January 16, 1901.*)

NICHOLSON, CH., and PENNEWILL and BOYCE, J. J., sitting.

*Franklin Brockson* for. plaintiff in error.

*Martin B Burris* for defendant in error.

Supreme Court, June Term, 1900.

WRIT OF ERROR to the Superior Court for New Castle County.

The facts, contentions of counsel and authorities cited, sufficiently appear in the opinion of the Court.

PENNEWILL, J., delivering the opinion of the Court:

This was an action in the Superior Court for New Castle County brought by William Craig, the plaintiff, against Benjamin F. Ginn, the defendant, for the recovery of damages for the alleged malicious prosecution of the plaintiff by the defendant.

Under the instruction of the Court the jury rendered a verdict in favor of the defendant, the plaintiff having declined to accept a nonsuit. The plaintiff excepted to said instructions and took his writ of error, upon which the case has come to this Court.

The declaration filed by the plaintiff contained three counts; the first of which, after setting forth the charge contained in the warrant filed before the Justice of the Peace, the arrest and bringing of the plaintiff before the Justice, alleged "that the said defendant was then and there present, but wilfully neglected to offer any evidence whatever to support the said false and malicious charge against the said plaintiff, which said plaintiff was then and there ready and anxious to establish his innocence in that behalf, and the said defendant did then and there voluntarily desert and abandon his said complaint and prosecution without the consent of the said plaintiff, and thereupon, to wit, on the day and year last aforesaid, at New Castle County aforesaid, the said John W. Naudain, Esquire, so being such Justice as aforesaid, adjudged and determined that the said plaintiff was not guilty of the said supposed offense, and then and there caused the said plaintiff to be discharged out of

the custody fully acquitted and discharged of the said supposed offense, and the said defendant hath not further prosecuted his said complaint, and the said complaint and prosecution is wholly ended and determined, to wit, at New Castle County aforesaid, by means of which said several premises," etc.

In the second count it was alleged that "the said defendant not having any evidence to support the said false and malicious charge, and well knowing the innocence of the said plaintiff in that behalf, then and there voluntarily neglected to bring the same on to a hearing or trial, and thereupon, to wit, on etc., at etc., the said John W. Naudain, Esquire, so being such Justice of the Peace as aforesaid, adjudged and determined that the said plaintiff was not guilty of the said supposed offense, and then and there ordered the said plaintiff to be discharged out of the custody, and the said plaintiff was then and there discharged, fully released," etc.

The third count contained the following allegation: "And thereupon the said defendant not having any ground or evidence to support the said false and malicious charge, then and there voluntarily withdrew his said complaint and prosecution, and abandoned the same, and then and there, to wit, on etc., at etc., the said John W. Naudain, Esquire, discontinued the said prosecution and dismissed the said case, and ordered the said plaintiff to be discharged out of custody, and the said plaintiff was then and there discharged and fully released of the said supposed offense; and the said complaint and prosecution is wholly ended and determined in favor of the said plaintiff as aforesaid," etc.

It is upon the third count that the plaintiff mainly relies.

In the Court below the motion for a nonsuit was based upon two grounds, viz.: 1. That there was material and fatal variance between the averments in the declaration and the proof in respect to the termination of the prosecution for which the action was brought. 2. That the mode of termination of the alleged malicious prosecution, as disclosed by the evidence produced by the plaintiff

was not such a termination as the law requires for the maintenance of such an action.

On both of these grounds the Court was of the opinion that the plaintiff should not be permitted to recover, and accordingly directed the jury to render a verdict in favor of the defendant.

Such direction of the Court is assigned as error, and it therefore becomes necessary for us to determine whether the Court below was justified in disposing of the case as it did, without submitting the same to the jury.

Upon a careful examination of the record, we find that the evidence produced by the plaintiff, so far as the same is material to the question before us, consisted of the record of the Justice of the Peace before whom the alleged malicious prosecution was instituted, and a written agreement and endorsements thereon, together with the oral testimony of the plaintiff, and a party named Atwell, who seems to have been acting, if not as the agent, at least as the friend of the plaintiff.

The said record is as follows: "Action on the oath of Benjamin F. Ginn this tenth day of March, A. D. 1898, charging William Craig of obtaining under false pretense from George M. D. Hart two hundred and twenty-four and ninety-two one-hundredths dollars belonging to the said Benjamin F. Ginn, on the sixteenth day of February, A. D. 1898.  Warrant issued to George W. Skeggs, Constable, this tenth day of March, A. D. 1898, for the arrest of William Craig forthwith.—George W. Skeggs, constable return—summons same day 10th of March, 1898, with prisoner in charge.  After Benjamin F. Ginn's attorney and William Craig consulting together agreed to abandon the warrant and settle by mutual consent or by referee trial.  The prisoner released from said charge.  Before JOHN W. NAUDAIN, J. P."

There was written across the face of the record this entry, which is admitted by the plaintiff to be a part of the record: " Costs paid and settled by mutual consent.  Case discharged."

The warrant on which the plaintiff was arrested was also admitted in evidence, and is substantially set forth in the record above given.

·The written agreement and endorsements thereon were as follows: " Whereas, Benjamin F. Ginn and William Craig, both of Appoquinimink Hundred, are in dispute as to the amount of money due the said Ginn, as proceeds of sale of wheat and corn to George M. D. Hart on the 16th day of February, A. D. 1898, and it is desired to postpone a settlement until Saturday, the 26th day of March next, at 9.30 A. M., at the office of John W. Naudain, Esq., J. P., in order that the said Craig shall have an ample opportunity to produce his accounts. Now therefore, we hereby agree to pay to the said Ginn whatever sum shall be ascertained to be due on said accounts at the conference aforesaid, or in failure of their being able to agree, to pay whatever judgment that shall be obtained against said Craig in action at law thereon. Witness our hands and seals this tenth day of March, A. D. 1898. WM. CRAIG [Seal]. J. W. ATWELL [Seal.] Witness at signing, GEORGE W. SKEGGS."

ENDORSEMENTS :

"March 26th, 1898.

"The amount ascertained to be due from William Craig to Benjamin F. Ginn is one hundred and seventy dollars, and we hereby agree to pay the said Benjamin F. Ginn the said sum of one hundred and seventy dollars six months from the date hereof, with legal interest till paid ; said sum above mentioned is agreed upon as a settlement of outstanding accounts between the said Ginn and Craig in full.

" WM. CRAIG.
" JOHN W. ATWELL."

" I hereby accept the above obligation in settlement as therein stated.

"B. F. GINN."

"September  28th, 1898.—Received of  Mr. John  W. Atwell one hundred  and  seventy-five  dollars and  ten cents in  full of the above obligation.

".MARTIN  B.  BURRIS,
" *Plaintiff's Attorney.*"

It  appears  from  the  oral  testimony  presented  by  the  plaintiff  that  about  the  middle of  February, 1898,  he  received  from George M. D. Hart,  for  a  part  of  the  grain  crop of  1897, the sum of  $224.92;  that  he was the  tenant  of  the  defendant  at the time, but  had  made up  his  mind  to  leave  the  farm  the  first of  the next month; that he then owed the defendant $150.  It also appears that when the plaintiff  was  arrested  and  taken  before  the  Justice of the Peace, he asked for  a  postponement  of  the  case, stating " that it  did  not suit  him to attend  to the case right  on  that day."   Defendant's  counsel  replied,  " No, he  would  not.    That  has  got to be settled  to-day,  and  right  here,  or  you  go up  the  road."    The  agreement above mentioned was then  signed  by the plaintiff and Atwell, and  plaintiff  was  thereupon  discharged  by  the  Justice.    It was also shown  by  the  testimony that  the  costs of  the  case, which  amounted to  $2.50, were  paid  by  the  plaintiff  and  the  defendant  in  equal amounts.

Upon this  state of  facts, shown and  admitted  by the plaintiff, we  shall  consider  and  determine  whether  there  was  such  a  termination of  the  prosecution  as would enable  the  plaintiff  to  maintain  his action  for  malicious  prosecution.

It  is  essential  to  the  maintenance  of  such  an  action  that  the plaintiff  shall  prove,  among  other  things,  that  the  prosecution  was not  only  terminated,  but  terminated  in  his  favor.

*Rhodes  vs.  Silvers,  1  Harr.,  127 ;  Wells  vs.  Parsons,  3 Harr.,  505.*

Certainly  it  is  not  necessary  to  the  maintenance  of  such  an action  that  the  criminal  proceedings  should  have  terminated  in  a verdict of  acquittal.   Such  termination  may  be  caused  by  the  entry of a  *nolle prosequi,*  or  in  some  other  way ;  and  it  is  unquestionably

the law that a voluntary abandonment of the case by the party who made the complaint is such a termination.

But the rule seems to be well settled that where the termination of the prosecution has been brought about by the procurement of the party prosecuted, or by compromise and agreement of the parties, an action for malicious prosecution cannot be maintained.

*McCormick vs. Sisson, 7 Cowan, 715; Welch vs. Cheek, 115 N. C., 311; Langford vs. R. R. Co., 144 Mass., 431; Marcus vs. Brunstein, 117 N. C., 31; Atwood vs. Bevine, 73 Hun., 547; Clark vs. Cleveland, 6 Hill, 344; Gallagher vs. Stoddard, 47 Hun., 101; Wilkinson vs. Howell, 1 Moody and Malkim, 495; Brown vs. Randall, 36 Conn., 56; Sartwell vs. Parker, 141 Mass., 405; Fadner vs. Filer, 27 Ill. Ap., 506.*

We think it is not all necessary to refer at much length to the authorities cited in support of the rule, because we imagine there is not so much doubt about the correctness of the rule as there is respecting its application to the facts in the present case.

In the case of *McCormick vs. Sisson,* before the Justice had finished the examination of the witnesses, the parties decided they would settle all matters of difficulty between them, and on that account he proceeded no further. It was held to be not such a termination as would sustain an action. This case was approved in *Clark vs. Cleveland.* In the case of *Gallagher vs. Stoddard,* after the plaintiff was arrested he gave the officer making the arrest nine dollars in settlement of all claims against him by the complainant, officer and Justice. The Court held that the action could not be maintained on these facts, and that the nonsuit granted should be sustained.

In the case of *Langford vs. R. R. Company,* the Court said, " But our cases uniformly hold that, where *nolle prosequi* is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution." It appeared from the evidence that after the complaint against the plaintiff was entered in the Superior

Court upon his appeal, a *nolle prosequi* was entered by the District Attorney by the procurement of the attorney of the plaintiff.

In the recent cases cited from North Carolina, the rule laid down in the Langford case was quoted and approved. In the case in 115 North Carolina the important facts were that after the plaintiff had been arrested on a charge of embezzlement and brought before the Justice, a party appeared who claimed to be a friend of all concerned, and asked for a private interview with the parties interested, whereupon they retired to a private room. After a while the Justice was called in, and the mutual friend drew up and signed a paper. The plaintiff paid a part of the costs. The case was dismissed. The Superior Court on appeal said : " Where, however, the proceeding is dismissed by virtue of an agreement between the parties, the principle (that is the general rule as to the termination of the prosecution) does not apply. There was testimony in this case tending to show some agreement between the parties, under which the plaintiff paid a part of the costs, and was discharged." This case seems strikingly similar to the one before us.

In the case in 125 North Carolina, it was shown that the plaintiff compromised with the defendant, and agreed and consented to the ending of the action before the Justice. The Court said : " It is a settled rule that before an action like the present to recover damages can be maintained, the criminal action must have terminated in some way, either by *nol. pros.* verdict or quashing, etc. Where, however, the termination has been induced and brought about by the defendant, he cannot maintain an action for damages."

The case of *Atwood vs. Bevins, 73 Hun., 547,* was another in which the Appellate Court reversed a judgment against the defendant, declaring the plaintiff's case must fail because there was not such a termination of the prosecution in the plaintiff's favor as would afford the proper foundation for an action for malicious prosecution. In that case it appears there had been two cross complaints of assault and battery, and one complaint of larceny. After

trying one of the assault and battery cases, it was arranged by counsel that the complainants should respectively be absent from court upon the days to which the proceedings in the other cases were adjourned, and each complaint thus fell for want of prosecution. The Court said the "disposition of the matter was judicious and creditable to all concerned, but it was not such a termination of the prosecution as would sustain an action. In principle it was a compromise of abandonment of the proceeding by mutual consent, and no real determination has been had. On that ground the plaintiff's case fails." We have not been able to examine the case of *Fadner vs. Filer*, but from references made thereto, which we have seen in different digests, it distinctly appears the Court held that "the compromise of a criminal prosecution does not constitute such a termination as will justify an action for malicious prosecution."

We have made a very careful examination of all the authorities cited in the argument, as well as others bearing on the question we are considering, and find no substantial conflict between them, and no dissent from the rule above stated; unless the case of *Robbins vs. Robbins, 133 N. Y., 597*, be considered as an authority to the contrary. That decision, however, seems to stand alone, and is not only unsupported by any authority that we have been able to find, but appears to be in conflict with other rulings in the same State.

In the case of *Morton vs. Young, 55 Me., 24*, which was cited by the plaintiff, it was held that where a person was arrested, and subsequently, for the purpose of procuring his discharge, pays *under protest* a portion of the sum claimed, he is not thereby estopped from showing the want of probable cause. The Court said; "if he (the plaintiff) settled the demand understandingly, and voluntarily, he is estopped from denying that the defendant had probable cause for bringing the suit." This case is not at all inconsistent with those we have given in support of the position taken by the defendant. The case of Marcus, *vs.* Bernstein above

mentioned, may at first appear to be somewhat in conflict with the other cases we have cited. And although a different conclusion was reached therein, yet the Court said, that while inclined to agree to the proposition recognized in the Langford case, they thought the facts would not admit of its application. And those facts were (1) that the plaintiff protested all the time that his arrest was malicious and without just cause; and (2) that the defendant paid the costs of the prosecution.

From an examination of the testimony which we have above given it is perfectly clear; (1) that the defendant Ginn, at the time the plaintiff was arrested and brought before the Justice, was present, ready and anxious to proceed with the hearing, and was unwilling to consent to any postponement or delay; (2) that the plaintiff Craig was not ready or willing to proceed, but insisted strongly on a postponement; (3) that the agreement was then signed by the plaintiff and his friend Atwell, which terminated the prosecution; (4) that the plaintiff paid one-half of the costs of the prosecution; (5) that the said agreement, as appears by its terms, was made and accepted for the accomodation of Craig, and at his instance.

Can there be the slightest doubt, therefore, that the criminal prosecution was terminated not only with the consent, but by the procurement of the defendant therein?

It is perfectly clear that the prisoner was discharged because of said agreement whereby he and his surety bound themselves to pay whatever sum was ascertained to be due at the conference to be had between the parties, or in the event of their failure to agree, whatever judgment might be obtained against the plaintiff in an action at law for that purpose. This is manifest not only from the fact that the defendant had been insisting up to the time of the execution of the agreement upon an immediate hearing of the case, but also from the record of the Justice which recites that " After Benjamin F. Ginn's attorney and William Craig consulting together agreed to abandon the warrant and settle by mutual consent, or by referee trial; the prisoner released from said charge."

The evidence adduced by the plaintiff presents as strong a case as can well be imagined, of the termination of the prosecution by the procurement and consent of the defendant therein, or by a compromise or settlement of the matters in dispute. We are clearly of the opinion, therefore, not only that the rule of law is as we have above stated, but we are equally clear that the case now before us comes fairly within its application; unless the agreement which caused the termination of the prosecution was obtained by duress, as is contended by the plaintiff. But such contention made by the plaintiff seems to us inconsistent and untenable for the reason that the agreement which he now seeks to have disregarded on the ground of duress was put in evidence by himself as a material part of his case. As appears by the record, he declared, in reply to a question asked by the Court, that the paper (meaning the agreement) "was material—everything on it." It would be quite extraordinary for us to hold that the plaintiff may be permitted to impeach the evidence which he insisted upon making a part of his case, and which he stated was material thereto. And it would be in effect impeaching the record of the Justice, which the plaintiff introduced and upon which he relied, because it states that the prisoner was discharged by virtue of an agreement made by the parties. And manifestly this is the same agreement which it is now insisted was obtained by duress, and should be disregarded by this Court. We think such position cannot be successfully maintained.

Moreover, we are of the opinion that there was no evidence that should have been submitted to the jury, which tended to show that the agreement in question was obtained by duress. To say that it might have been so obtained, would be, we think, but speculative, in the absence of some pertinent testimony to that effect. The question is not what might have induced the plaintiff to make the agreement, but rather what the evidence shows or tends to show, did induce him to make it.

Our conclusion being that the termination of the prosecution before the Justice was not such a termination as the law requires

to sustain an action for malicious prosecution, we deem it unnecessary to consider the question of variance, which was also ably and elaborately argued by counsel.

The assignment of error is overruled, and the judgment below affirmed.