GEORGE W. PLUMMER VS. WILLIAM H. COLLINS.

*Malicious Prosecution—Pleading—Evidence—Variance—Witnesses—Credibility—Weight of Evidence—Elements Necessary to be Proved—Malice—Prodable Cause —Advice of Regular Attorney.*

1.  In an action for malicious prosecution, there was no substantial variance between an averment in plaintiff's declaration that defendant maliciously and without probable cause procured the arrest of plaintiff and him to be carried before the Justice, who having heard the charge de-

termined in favor of plaintiff and discharged him from custody, and the entry upon the Justice's record of the case, "I give judgment against the State, and George Plummer, the defendant, is discharged."

2.   In an action for malicious prosecution, the finding of the Justice, before whom plaintiff was brought upon complaint of defendant, "I give judgment against the State, and George Plummer, the defendant is discharged" was a determination of the case in favor of accused.

3.   The jury are the judges of the weight and vlaue of the testimony and of the credibility of the witnesses.

4.   When there is conflict in the testimony, the jury should reconcile it if they can. If they cannot, they should give credit to the testimony which in their judgment is worthy of belief, taking into consideration the intelligence, apparent truthfulness, bias, if any, and impartiality of the witnesses, and their opportunity for knowing that of which they testified.

5.   The jury should decide the case in whose favor there is the preponderance or greater weight of the evidence, considered in connection with the law of the case as announced by the Court.

6.   In an action for malicious prosecution, it is incumbent upon the plaintiff to prove that there was a prosecution instituted against him by the defendant as alleged, that it was malicious and without probable cause, that it terminated in favor of the plaintiff, and that he sustained damages by reason of the prosecution.

7.   Any unlawful act done wilfully and purposely, to the injury of another, is, as against that person, malicious in a legal sense.

8.   Malice, as applied to a malicious prosecution, means ill-will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act, as where he did it with the view to injure a particular individual generally, or in some specific manner, or as where he acted from personal animosity or revenge.

9.   In an action for malicious prosecution, if it be shown that there was a want of probable cause for the prosecution, the law will imply malice from that circumstance.

10.   Neither proof of malice on the part of defendant, nor a determination of the prosecution in favor of plaintiff, is sufficient evidence of want of probable cause.

11.   Whether there was probable cause for the prosecution, at the time it was begun, depends upon defendant's personal knowledge or information communicated to him, of facts and circumstances sufficient to excite in the mind of a reasonably prudent person a reasonable belief in plaintiff's guilt.

12.   If the defendant, suspecting the plaintiff of a crime, used due care in acquiring the facts and presenting them to a regular attorney, and

relying upon the advice of his counsel, began a prosecution against the plaintiff, there was probable cause and a complete defense to an action for malicious prosecution.

(*March* 24, 1910.)

Judges BOYCE and WOOLLEY sitting.

*T. Bayard Heisel* for plaintiff.

*John B. Hutton* and *Franklin Brockson* for defendant.

Superior Court, New Castle County, March Term, 1910.

ACTION ON THE CASE (No. 47, September Term, 1909), for malicious prosecution.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by George W. Plummer, the plaintiff, against William H. Collins, the defendant, to recover damages for a malicious prosecution, alleged to have been instituted by the defendant, without probable cause, against the plaintiff, before Henry S. Anthony, a Justice of the Peace in and for Kent County, upon complaint made by the defendant, on the first day of June, A. D. 1909, wherein it was charged that the plaintiff did, on or about the 17th day of April, A. D. 1909, obtain from the defendant by false and fraudulent pretense, money to the value of one hundred and twenty-five dollars. It is further alleged, in substance, that upon the said complaint the defendant maliciously and without probable cause procured the said Justice, on the said first day of June, A. D. 1909, to issue his certain warrant for the arrest of and for bringing the said plaintiff before the said or some other Justice to answer said charge; and, on the last mentioned date, procured the arrest of the plaintiff, and him to be carried in custody before the said Justice to be examined concerning the said charge; and further, that the said justice, having heard the charge, did, on the last-mentioned date, determine in favor of the plaintiff, and discharged him from custody

It is not denied that the defendant made the said complaint as alleged; that the Justice issued his warrant of arrest to Constable Goldsborough, that the latter who was accompanied by the defendant, went to the place of abode of the plaintiff and made an arrest of him, the plaintiff, in the manner as testified to by the constable and the plaintiff; and that the latter went before the justice, who heard the case and found as follows: "I give judgment against the State, and George Plummer, the defendant, is discharged".

In admitting the Justice's record of the case before him, in evidence, we held that there was not, as it was contended, a substantial variance between the averment in the plaintiff's declaration, respecting the judgment or finding of the Justice, and his record of the same. And we say to you that the finding of the Justice as set forth on his record in the case before him, and in evidence before you, was a finding or determination in favor of the plaintiff in this action.

The defendant, in defense of this action, contends that he had probable cause to believe the plaintiff guilty, as charged in the said complaint, of obtaining from the defendant, by false and fraudulent pretense, money to the value of one hundred and twenty-five dollars; and the defendant further claims that before instituting the prosecution before the Justice he took counsel and advice of his lawyer, and that in good faith and with an honest reliance on the advice of his lawyer, he instituted the proceeding made the basis of this action.

You have listened very attentively to the evidence produced before you. You have had detailed to you at great length the transaction respecting the sale of a horse between the plaintiff and the defendant in this action. It is not denied that the proceeding before the Justice, and because of which this action was brought, grew out of that transaction. We shall not attempt a more particular statement of the contention of the parties which you are called upon to determine. We may say to you, before proceeding to charge you upon the law which we deem applicable to the case, that you are the exclusive judges of the weight and

value of the testimony and of the credibility of the witnesses. When there is conflict in the testimony, you should reconcile it if you can. If you cannot, you should give credit to and be governed in reaching your verdict by the testimony which, in your judgment, is most worthy of belief, taking into consideration the intelligence, apparent truthfulness, bias, if any, and impartiality of the witnesses, and their opportunity for knowing that of which they testified.

You should decide this case in whose favor there appears to be the preponderance or greater weight of the evidence, considered in connection with the law as announced to you by the Court.

In an action of this character, it is incumbent upon the plaintiff to prove to the satisfaction of the jury, (1) that there was a prosecution instituted against him by the defendant, as alleged in the declaration; (2) that the prosecution was malicious; (3) that the prosecution was without probable cause; (4) that the prosecution terminated in favor of the plaintiff; and (5) that by reason of the prosecution he sustained damages. And if the plaintiff fails to establish any one of these essential elements neccessary to constitute a malicious prosecution, he will not be entitled to a recovery.

It is not denied that the defendant instituted the said prosecution against the plaintiff, and that the justice determined the prosecution in favor of the plaintiff. It is for you to determine from the evidence whether the prosecution was maliciously instituted and without probable cause; for it is necessary that the prosecution should be both malicious and without probable cause.

First, then, was the prosecution malicious? Any unlawful act done wilfully and purpously to the injury of another, is, as against that person, in a legal sense, malicious. Malice, as applied to a malicious prosecution, this Court has held, means ill-will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act, as where he did it with the view to injure a particular individual generally, or

in some specific manner, or that he acted from personal animosity or revenge. And further, if it be shown that there was a want of probable cause for the prosecution, the law implies malice from that circumstance.

If you should find from the evidence, under this instruction respecting the law of malice, that the prosecution complained of was not malicious, then the plaintiff would not be entitled to recover. If, however, you should find that the said prosecution was malicious, then another question arises, was the prosecution instituted without probable cause? For, as we have already said, if the prosecution was malicious, it is still further incumbent upon the plaintiff to show that the prosecution was without probable cause. Neither proof of malice on the part of the defendant, as we have defined it,nor a determination of the prosecution in favor of the plaintiff,is sufficient evidence of want of probable cause. It is necessary to negative the existence of probable cause at the time of the institution of the prosecution, by some affirmative evidence. The plaintiff must make some proof that there was no reasonable ground for the complaint made by the defendant before the Justice, and that it was made without any probable cause to support or sustain it, or to induce a candid belief in it. For, as this Court has held, however malicious may have been the motives of the defendant towards the plaintiff, he is protected by the law, if, at the time he prosecuted the plaintiff, he had probable cause for so doing. This rule of law, which protects a party for instituting a criminal proceeding when there is probable cause for it, proceeds upon principles of policy, convenience and justice.

In considering the question of probable cause, to which we have last directed your attention, you should not concern yourselves with, or consider whether the plaintiff was, at the time the complaint was made against him by the defendant, guilty or innocent, nor should you in this connection consider whether the defendant made the complaint from malicious motives. The single question for you to consider at this point is whether the defendant had, at the time of making the complaint and causing

Verdict.

the arrest of the plaintiff, reasonable and probable cause for doing so. Whether there was or was not probable cause depends upon the defendant's personal knowledge or information communicated to him of facts and circumstances, at the time the prosecution was begun, sufficient to excite in the mind of a reasonably cautious and prudent person a reasonable belief in the plaintiff's guilt. It is immaterial whether the defendant acted on facts of his own knowledge or received upon information from sources which he in good faith regarded as reliable, if you find that they were such facts and circumstances as would excite the belief in a reasonable mind that the plaintiff was guilty as charged in said complaint.

You are to determine whether the evidence before you was or was not sufficient to induce in the mind of the defendant a candid belief in the charge which he made against the plaintiff. If you should believe there was sufficient evidence to induce such belief, then there was probable cause for the defendant's action and the plaintiff would not be entitled to recover.

If a person consults a regular attorney about a matter affecting a third person, he ought to use that care in acquiring the facts and presenting them to counsel, which men of ordinary prudence would ordinarily use in matters of like importance. If he does this, and in good faith lays such facts before his counsel and then acts upon the advice of his counsel, it would constitute probable cause and a complete defense to an action of this character,

If you find that the defendant instituted the said prosecution both maliciously and without probable cause, such as we have defined to you, your verdict should be for the plaintiff, and in that event you should award him such damages as you may find from the proofs in this case he has sustained, for injury to his reputation and feelings, and for this purpose you may take into consideration his arrest and detention.

Verdict for defendant.