CALVIN P. STIDHAM *v.* DIAMOND STATE BREWERY, INC., a corporation of the State of Delaware.

*(May 27, 1941.)*

RODNEY, J., sitting.

*George W. Lilly* for plaintiff.

*John J. Morris, Jr.,* and *David F. Anderson* for defendant.

Superior Court for New Castle County, No. 43, November Term, 1940.

RODNEY, J., delivering the opinion of the Court:

 Generally there are at least six essential elements in an action for malicious prosecution.

(1) There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

(2) Such former proceedings must have been by, or at the instance of the defendant in this action for malicious prosecution.

(3) The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

(4) There must have been malice in instituting the former proceedings.

(5) There must have been want of probable cause for the institution of the former proceedings.

(6) There must have been injury or damage resulting to the plaintiff from the former proceedings.

■ Several of the named essentials are admittedly present in this case. (1) There was a former criminal proceeding instituted against Calvin Stidham, the present plaintiff. (2) Such proceeding was instituted by or on behalf of the present defendant by an agent acting in the apparent scope of his employment. (3) The former proceeding terminated in favor of the defendant therein by the entry of a nolle prosequi as to the criminal charge. Without reference to this entry of nolle prosequi on the issue of probable cause in the commencement of the original action (which question will be later considered), such entry of nolle prosequi and the consequent discharge of the defendant is such a sufficient termination of the cause in favor of the defendant as would furnish the basis of the present suit. Finally (6) there was admitted some evidence of damage to the present plaintiff.

This then leaves to be considered the two great elements of the action, viz.: (4) The existence of malice in the original prosecution, and (5) the want of probable cause in instituting such original prosecution.

■ The law does not discourage attempts to bring to justice the supposed perpetrators of criminal offenses and does not penalize prosecutors in such cases when they act without malice and upon sufficient and probable cause. It is only when one person prosecutes another with malice and without probable cause that the law makes him liable for his actions in such a case as this.

■ Both elements of malice and want of probable cause must exist and the burden of showing both rests upon the plaintiff.

■ Malice in such a case as this is not easy to define in such a way as to include all of its characteristics. It does not necessarily mean that there must exist actual spite, ill will or grudge. These may exist but their presence is not essential. For an act to have been done in such a way as to form the basis of a suit for malicious prosecution the act must have been done with a wrongful or improper motive or with a wanton disregard of the rights of that person against whom the act is directed.

■ While the proof of malice in the original prosecution is an essential element, viz.: That the original prosecution was instituted with a wrongful or improper motive and with a reckless disregard of the rights of Stidham, yet such fact even if proved is not sufficient. Malice alone is not enough—that is, the motive or state of mind is not sufficient. To sustain such an action as the present there must have been a want of probable cause in the institution of the original proceeding.

■ Probable cause may be defined to be a reasonable ground for suspicion or belief, supported by circumstances sufficiently strong in themselves as to warrant a reasonably cautious and prudent person in the belief that the person accused is guilty of the offense with which he is charged.

■ This want of probable cause in the institution of the original proceeding is the real basis and gist of this present proceeding. It must be shown by the plaintiff herein, and without it no present recovery can be had. The entry of a nolle prosequi of the original proceedings by the Attorney-General has nothing to do with the question of want of probable cause in the institution of the original proceeding, nor would even the acquittal of the defendant —if such acquittal had been had. This is for the reason that the existence or want of probable cause is determined

at the time of the inception of the original proceedings, and not at its termination, and also for the reason that in a criminal proceeding a defendant to be convicted must be found guilty beyond a reasonable doubt. Probable cause for an inception of a charge might exist but proof beyond a reasonable doubt might be impossible. They are two seperate and distinct things.

The present defendant has asked for a non-suit because it says that the plaintiff has not sustained its burden in showing a want of probable cause in issuing the original warrant. The defendant contends that not only has the present plaintiff failed to show the lack or want of probable cause, but by the holding of Stidham for the Grand Jury by the Municipal Court and by the action of the Grand Jury in finding an indictment, that there has been an affirmative finding of probable cause.

 The almost uniform current of the law is to the effect that the action of a committing magistrate or of the Municipal Court in holding a defendant in bail on a criminal charge to await the action of a Grand Jury is a prima facie showing of probable cause for the institution of the charge. So, too, is the action of the Grand Jury in presenting a true bill. Such indictment constitutes prima facie showing of probable cause. In neither case does the action show conclusive evidence of probable cause but merely prima facie evidence which might be rebutted by other testimony.

Ordinarily this prima facie evidence of probable cause from preliminary hearings or Grand Jury action is introduced by the defendant. Here it is shown by the plaintiff.

 I have examined the evidence of the plaintiff in an effort to find any evidence to sustain his burden

of showing the want of probable cause in the institution of the original proceedings.

I have found none, but on the contrary I have found prima facie evidence of the existence of probable cause. Under these circumstances, and because the determination of what facts constitute probable cause is a question of law, I am constrained to grant a non-suit.