E. KIRK BROWN, JR., Administrator of the Estate of E. Kirk Brown, Plaintiff, v. HERBERT D. CLULEY, JR., and GLADYS CLULEY, Defendants.

ELKTON REALTY COMPANY, a corporation of the State of Maryland, Plaintiff, v. HERBERT D. CLULEY, JR., and GLADYS CLULEY, Defendants.

(*February* 16, 1962.)

LYNCH, J., sitting.

*Harrison F. Turner* for Plaintiff, E. Kirk Brown, Jr., Administrator of the Estate of E. Kirk Brown, and for Plaintiff, Elkton Realty Company.

*Vincent A. Theisen* and *Victor F. Battaglia* (of Theisen and Lank) for Defendants in both cases.

Superior Court for Kent County, Nos. 76 and 102, Civil Action, 1960.

LYNCH, Judge:

Defendant, Herbert D. Cluley, Jr., is an accountant. As such he was engaged to aid plaintiff, E. Kirk Brown, Jr., in the administration of the Estate of E. Kirk Brown, Deceased (Civil Action No. 76, 1960) ; he was also engaged to handle the accounting affairs of plaintiff, Elkton Realty Company (Civil Action No. 102, 1960). The complaint in each case charges that Herbert D. Cluley, Jr. improperly drew a number of checks on the bank accounts of the plaintiffs, for improper purposes; in substance it is contended in each action, that Cluley having had these checks signed, cashed them and got the money; that he "wrongfully devoted the funds" for "his own use and benefit". Gladys Cluley is the wife of Herbert D. Cluley, Jr. Each complaint charges that she "accepted the benefits of the funds wrongfully diverted * * * when she knew or should have known that the said funds were wrongfully misappropriated". Herbert Cluley, Jr. answered each complaint, generally denying the allegations of misappropriations of funds, including the allegations directed to his wife, Gladys.

He has set up two counterclaims. We are not interested in the first counterclaim. In the second counterclaim

he set up his engagement as an accountant for the Estate of E. Kirk Brown, Deceased, and for Elkton Realty Company; he then alleged that each plaintiff

"* * * thereafter maliciously and without proper cause therefor went before the Honorable Maurice W. Carrow, a Justice of the Peace of Kent County, Delaware, and charged the defendant before the said Justice with having committed the crime of embezzlement * * * and thereupon procured and caused a warrant to be issued by the said Justice for the arrest of the defendant."

Continuing, the counterclaim went on to aver

"That thereafter * * * the defendant, Cluley, was arrested under the said warrants and was taken before the Honorable Maurice W. Carrow and was held in bail to answer the said charges before the Grand Jury of Kent County * * *."

It was further averred in the counterclaim that the plaintiff, Brown,

"* * * thereafter * * * maliciously and without reasonable or probable cause therefor appeared before the Grand Jury * * * and there charged the defendant with having committed three separate felonies of embezzlement, * * *."

The counterclaim further charged

"That in making the charges, as aforesaid, before the Magistrate and the Grand Jury of Kent County, the plaintiff, Brown, falsely and maliciously failed to inform either the Justice of the Peace or the Grand Jury of the facts and circumstances surrounding the charges against the defendant, and falsely and maliciously testified before the said Justice and Grand Jury * * * that the defendant, Cluley, had taken the sums of money * * * and had

converted said sums to his own use, when in truth and in fact the checks so drawn were signed by the plaintiff, Brown, and said checks were handed to the defendant, Cluley, * * * in payment of compensation, disbursements and out-of-pocket expenses owing to the defendant, * * *."

Continuing, the counterclaim alleged

"As the result of the false and malicious conduct of the plaintiff, Brown, * * * the Grand Jury * * * returned three separate indictments charging the defendant, * * * with embezzlement * * *."

The counterclaim concluded:

"That by reason of the aforesaid arrest and malicious prosecution * * * the defendant, Cluley, was subjected to great indignity, humiliation, pain and distress of mind and body, was prevented from attending to his usual business and was subject to expenses * * * in his defense upon such charges and was injured in his good name and reputation * * *, all to his damage * * *."

Plaintiff in each case contended that this counterclaim failed "to state a claim upon which relief can be granted". It may be pointed out in passing that the counterclaim as originally pleaded undoubtedly was not good, since the counterclaim did not plead that the criminal proceedings upon which a counterclaim was based, had been terminated, but was still pending. See *Craig v. Ginn*, 3 Penn. 117, 48 A. 192 (Sup. Ct. 1801), in which it was held that a malicious prosecution suit may not be instituted until the action upon which it is based has been terminated and in favor of the plaintiff, and *Alexander v. Petty*, 35 Del. Ch. 5, 7, 108 A.2d 575 (Ct. Ch. 1954).

Before the Court could hear and determine the mo-

tions of the plaintiff in each case, addressed to the insufficiency of the counterclaim as originally pleaded, Herbert D. Cluley, Jr., defendant in each case, moved to amend his counterclaim and was granted leave to add an additional paragraph in which it was alleged:

"That thereafter * * * this defendant was duly tried upon the said indictments * * * and a verdict of not guilty was rendered * * * and the said prosecution was thereby wholly terminated."

The plaintiff in each case again moved to have the counterclaim, as amended, dismissed "for failure to state a claim upon which relief can be granted".

Mrs. Cluley (Gladys Cluley, named as defendant in these actions) did not answer the complaints. She filed a motion to dismiss the complaint, accompanied by an affidavit stating (1) on information and belief that her husband "never wrongfully misappropriated any funds from E. Kirk Brown, Jr. or any other person, corporation, or firm"; and (2) "On personal knowledge that I have never accepted any funds knowing that they had been misappropriated from any one including E. Kirk Brown, Jr., or any other person, estate, corporation or firm."

Plaintiff's motions, addressed to and challenging the sufficiency of the allegations asserted by defendant, Cluley, in his second counterclaim, as amended, will be considered first. It is not necessary to restate these allegations, as they are set forth at length above.

In *Stidham v. Diamond State Brewery, Inc.*, 2 Terry 330, 21 A.2d 283 (1941), this Court ruled that the action of a committing Magistrate in holding a defendant in bail on a criminal charge to await action by the Grand Jury (2 Terry at 335), or an indictment presented by a Grand

Jury, constitutes *prima facie* showing of probable cause. Judge Rodney set forth in the cited case (2 Terry at 332) the six essential elements of an action for malicious prosecution, and he then stated (2 Terry at 333) "the two great elements of the action" are "(4) The existence of malice in the original prosecution, and (5) the want of probable cause in instituting such original prosecution".

It was said by this Court in *Wells v. Parsons,* 3 Harr. 505, 507 (1842):

"* * * however malicious may have been the motives of the defendant towards the plaintiff, he is protected by the law in having prosecuted the plaintiff, if he had probable cause for so doing. This rule of law which protects a party for instituting or conducting a criminal charge, where there is probable cause for it, proceeds upon principles of policy, convenience and justice. * * *."

Judge Rodney in *Stidham v. Diamond State Brewery, Inc., supra,* noted (2 Terry at 333):

"The law does not discourage attempts to bring to justice the supposed perpetrators of criminal offenses and does not penalize prosecutors in such cases when they act without malice and upon sufficient and probable cause. It is only when one person prosecutes another with malice and without probable cause that the law makes him liable for his actions in such a case as this."

Chancellor Seitz took occasion, however, to observe in *Alexander v. Petty, supra,* (108 A.2d at 577):

"* * * malicious prosecution actions are not favored by the law because of their undesirable tendency to unduly discourage citizens from seeking redress in the courts. * * *."

Counsel for Mr. Cluley lays great stress, both in his briefs and in oral argument, on the fact that Mr. Cluley was acquitted by the petit jury which tried him on the indictment. In this connection it seems sufficient to cite and discuss briefly *Plummer v. Collins,* 1 Boyce 281, 286, 77 A. 750 (1910) where this Court in charging the jury in the cited case stated:

"In considering the question of probable cause, * * *, *you should not concern yourselves with, or consider whether the plaintiff was, at the time the complaint was made against him by the defendant, guilty or innocent,* nor should you in this connection consider whether the defendant made the complaint from malicious motives. *The single question for you to consider at this point is whether the defendant had, at the time of making the complaint and causing the arrest of the plaintiff, reasonable and probable cause for doing so. Whether there was or was not probable cause depends upon the defendant's personal knowledge or information communicated to him of facts and circumstances, at the time the prosecution was begun,* sufficient to excite in the mind of a reasonably cautious and prudent person a reasonable belief in the plaintiff's guilt. * * *." (Emphasis supplied)

Judge Rodney, in *Stidham v. Diamond State Brewery, Inc., supra,* restated these principles (2 Terry 334-335):

"This want of probable cause in the institution of the original proceeding is the "real basis and gist of this present proceeding. It must be shown by the plaintiff herein, and without it no present recovery can be had. The entry of a nolle prosequi of the original proceedings by the Attorney-General has nothing to do with the question of want of probable cause in the institution of the original proceeding, nor would even the acquittal of the defendant—if such acquittal had been had. This is for

the reason that *the existence or want of probable cause is determined at the time of the inception of the original proceedings, and not at its termination,* and also for the reason that in a criminal proceeding a defendant to be convicted must be found guilty beyond a reasonable doubt. Probable cause for an inception of a charge might exist but proof beyond a reasonable doubt might be impossible. They are two separate and distinct things." (Emphasis supplied)

Some depositions, taken by the parties, appear in the files in these cases; and it appears therefrom that the defendant, E. Kirk Brown, Jr., had had the advice of an attorney in connection with the institution of the criminal proceedings against Cluley. This Court in *Plummer v. Collins, supra,* (7 Boyce at 287) charged the jury:

"If a person consults a regular attorney about a matter affecting a third person, he ought to use that care in acquiring the facts and presenting them to counsel, which men of ordinary prudence would ordinarily use in matters of like importance. *If he does this, and in good faith lays such facts before his counsel and then acts upon the advice of his counsel, it would constitute probable cause and a complete defense to an action of this character."* (Emphasis supplied)

The important factor in Cluley's counterclaim is his allegation (see page 3, *supra*) that Brown, in appearing before the Magistrate and the Grand Jury, *failed to advise* the Magistrate and the Grand Jury that the checks, which formed the basis of the prosecution, "were handed to the defendant Cluley, * * * in payment of compensation, disbursements, and out-of-pocket expenses owing to the defendant, * * *."

What, if any, effect must the Court give to these alle-

gations? Does Brown's failure to advise the Magistrate and the Grand Jury of the facts alleged have any bearing on Cluley's right to maintain his counterclaim? The answer is "Yes" to the second question; failure of a person to state all material facts may deprive him, if he is afterwards charged with malicious prosecution, of the defense of probable cause.

In *Stidham v. Diamond State Brewery, Inc., supra,* Judge Rodney said (2 Terry at 335):

"The present defendant has asked for a non-suit because it says that the plaintiff has not sustained its burden in showing a want of probable cause in issuing the original warrant. The *defendant contends that not only has* the present plaintiff failed to show the lack of want of probable cause, but *by the holding of Stidham for the Grand Jury* by the Municipal Court *and by the action of the Grand Jury in finding an indictment, that there has been an affirmative finding of probable cause.*
"\* \* \*.

"I have examined the evidence of the plaintiff in an effort to find any evidence to sustain his burden of showing the want of probable cause in the institution of the original proceedings.

"I have found none, but on the contrary *I have found prima facie evidence of the existence of probable cause.* Under these circumstances, and *because the determination of what facts constitute probable cause is a question of law, I am constrained to grant a non-suit."* (Emphasis supplied)

It was impliedly, if not expressly, held in *Plummer v. Collins, supra,* that before a person undertakes to criminally prosecute another "he ought to use that care, (see Prosser on Torts, 2d Ed , pp. 652-653), in acquiring

the facts and in presenting them" which "men of ordinary prudence would ordinarily use"; in short, he is obligated to use due care in first determining the facts and then, as was stated in the cited case, he must "in good faith" present such facts either to his attorney or to the committing Magistrate and/or the Grand Jury. If he does this and prosecution ensues "it would constitute probable cause" and be a defense to an action charging malicious prosecution. *Plummer v. Collins, supra.* If one who prosecutes another for a crime withholds from his attorney, the District Attorney, the committing Magistrate, or the Grand Jury, facts known to him which might affect the institution or maintenance of the prosecution, or cause the Grand Jury not to indict, he cannot reply upon a holding of the accused by the committing Magistrate for action by the Grand Jury, or the return of an indictment by a Grand Jury based on such facts, as the defense of probable cause. Ordinarily if a committing Magistrate holds an accused on bail for action by the Grand Jury, or if a Grand Jury indicts, either would constitute probable cause such as will be a *prima facie* defense to a suit for malicious prosecution; if, however, the Magistrate's action is based on fraud or false testimony, or if the defendant in the malicious prosecution suit, has withheld material facts at the hearing before the Magistrate or the Grand Jury or his attorney, he cannot rely on advice of his attorney, the Magistrate's action, or the indictment as constituting probable cause. See 54 C.J.S., Malicious Prosecution, §§ 34 and 35; 34 Am. Jur., Malicious Prosecution, §§ 64 and 65. The requirement of "good faith", referred to in *Plummer v. Collins, supra,* includes a full disclosure of all known facts on the part of a person who would prosecute another on criminal charges to those who would play a part in the prosecution, such as his own attorney, the committing Magistrate, or the Grand Jury. See Prosser

on Torts, 2d Ed., Ch. 21, § 98, pp. 652-657; see also Harper and James, The Law of Torts, Vol. 1, Ch. IV, where at page 301, the learned authors state:

"* * * it can be said that a citizen has a privilege to start the common law into action by complaints to the proper officials so long as he acts either in good faith, i.e., for a legitimate purpose, or with reasonable gounds to believe that a person proceeded against may be guilty of the offense charged."

See further at pages 306-307, 311-319, Harper and James, supra. At page 310 the authors have written:

*"The action of malicious prosecution is not available to one who was in fact guilty of the crime for which he was prosecuted.* His guilt, therefore, may be shown by the defendant notwithstanding the outcome of the criminal proceedings. This means that *the issue of guilt may be retried in the tort action for malicious prosecution notwithstanding the prior acquittal* of the plaintiff. The policy here is clear. Thus, where the arrested person was actually guilty in an action for false arrest or the defamatory matter true in an action for defamation, the guilt of the plaintiff in an action for malicious prosecution is fatal because the law allows redress only for one who is innocent. The competing social interests are of too great value to allow recovery, even against a malicious defendant, where the plaintiff actually merited the treatment complained of. To be sure, where the plaintiff has actually been acquitted in the criminal proceeding, the legal policy of relitigation of the same issue is brought in question. But, *it is to be observed that the doctrine of res judicata, which embodies the policy against multiple litigation, is not involved since the parties to the two actions are not the same and the very heavy burden of proof on the state in a criminal action may make it desirable, as between*

*private parties, to allow the retrial of the guilt issue in the suit for malicious prosecution."* (Emphasis supplied)

■ For the foregoing reasons I am denying the motion of the plaintiffs to dismiss the counterclaim asserted by defendant Herbert D. Cluley in each case.

■ I will now consider the motion of defendant, Gladys Cluley, to dismiss the complaints, in which she contends that the complaints failed to state claims against her upon which relief can be granted. Each complaint, after charging the defendant, Herbert D. Cluley, with wrongful misappropriation of the funds represented by the checks which he cashed ($16,469.20 from the Estate of E. Kirk Brown, deceased, C. A. 76, 1960; $4,301.00 from Elkton Supply Company, C. A. 102, 1960), alleged:

"That the defendant, Gladys Cluley, accepted the benefits of the funds wrongfully diverted, as alleged, * * * when she knew, or should have known, that the said funds were wrongfully misappropriated."

and

"That as a direct result of the wrongful taking of the funds * * * by the defendant, Herbert D. Cluley, Jr., and the expenditures of the funds to the benefit of the said Herbert D. Cluley, Jr., and Gladys Cluley, his wife, the plaintiff has been damaged * * *."

These allegations are, in my opinion, sufficient to state a cause of action against Gladys Cluley, and her bare statement, although in the form of an affidavit, "that I have never accepted any funds knowing that they had been misappropriated from anyone including" either of the plaintiffs, is not sufficient on motions to dismiss for insufficiency of the statements made against her in the complaints. I, therefore, deny such motion.

Present Orders on notice.