SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

September 28, 2016

Brian T.N. Jordan, Esquire
Jordan Law Firm, LLC
704 N. King St., Suite 600
Wilmington, DE 19801

Marc S. Casarino, Esquire
Nicholas R. Wynn, Esquire
White and Williams, LLP
824 N. Market Street, Suite 902
Wilmington, DE 19801

RE: *John Smith and Nancy Smith v. Kent County Society for the Prevention of Cruelty to Animals, Inc., et. al.*
C.A. No. S15C-12-025 ESB

Dear Counsel:

This is my decision on the Defendants'[1] Motion to Dismiss the complaint filed against them by Plaintiffs John Smith and Nancy Smith in this case involving (1) the seizure of the Smiths' dog, and (2) the arrest and criminal prosecution of the Smiths. The Smiths filed a complaint against the Defendants alleging (1) a violation of 42 *U.S.C.* §1983, (2) intentional infliction of emotional distress, (3) false arrest, (4) false imprisonment, and (5) malicious prosecution.

## BACKGROUND

This case began when the Smiths' dog, Millie, attacked and injured a

---

[1]The Defendants are the Kent County Society for the Prevention of Cruelty to Animals, Inc. ("KCSPCA"), Katelyn Pepper, Sandra Galloway, David Hulse, Ruth Agnew, Kevin Usilton, Drew May, Mary Palacio, and Sherri Warburton.

neighboring dog and its owner on March 16, 2015. Defendant Pepper, an animal control officer employed by KCSPCA, went to the Smiths' residence to investigate the incident. No one was home at the time so Defendant Pepper left a note on the Smiths' door. Defendant Pepper later spoke with Mr. Smith by phone. Mr. Smith requested that any further conversation take place with he and his wife's attorney present. On March 18, 2015, Defendant Palacio, an animal control officer employed by KCSPCA, contacted Mr. Smith despite his earlier request that his attorney be present for any conversations. On March 19, 2015, Defendant Palacio again contacted Mr. Smith despite knowing he had asked that all conversations take place with his attorney present. On March 19, 2015, Defendant Warburton, an animal control officer employed by KCSPCA, determined that Millie was a dangerous dog and had to be seized. The Smiths allege that Defendants Warburton and Palacio contacted the Savannah Animal Hospital and pressured the hospital staff to prepare a report that made the incident and Millie look more vicious and dangerous than it or she was.

On March 19, 2015, someone from Defendant KCSPCA called the Smiths and told them that they would be at their home at 8:00 a.m. the next day to seize Millie. No one at Defendant KCSPCA advised the Smiths' attorney that they were going to seize Millie. On March 20, 2015, Defendants Palacio and Hulse, an animal control

officer employed by KCSPCA, called Mrs. Smith despite her request that all conversations take place with her attorney present and informed her they would be arriving later than scheduled to seize Millie. The Smiths' attorney called Defendant Palacio and reminded him that he represented the Smiths and that the Smiths would voluntarily quarantine Millie. Defendant KCSPCA told the Smiths' attorney that they still intended to seize Millie. The Smiths' attorney advised Defendant KCSPCA that there would be no voluntary surrender of Millie and that a search warrant would be necessary. Defendant KCSPCA, without the help of the Delaware State Police or the Attorney General's office, applied for and was granted a search warrant to seize Millie by the Justice of the Peace Court. According to the Smiths' complaint, Defendant Galloway, an animal control officer employed by KCSPCA, arrived at the Smiths' residence with a Delaware State Police officer and executed the search warrant on March 20, 2015. The Smiths stated that they complied with the search warrant and turned Millie over to the Defendants. While Millie was under the Defendants' control, the Smiths allege that the Defendants (1) did not give Millie an examination within 72 hours of seizing her, (2) failed to administer the proper vaccines to her, and (3) prevented the Smiths' veterinarian from examining Millie. On March 25, 2015, in response to Millie's seizure, the Smiths filed an emergency writ of prohibition with the Superior Court claiming that the Defendants had no legal

authority to obtain a search warrant and seize Millie. The writ of prohibition was dismissed as moot since Millie had been returned to the Smiths by the time the Superior Court heard the writ of prohibition.

On March 31, 2015, the Defendants, without any assistance from the Delaware State Police or the Attorney General's office, sought and obtained arrest warrants from the Justice of the Peace Court for the Smiths. Defendant Pepper filed an affidavit of probable cause for the arrest of John Smith on charges of (1) maintaining a dangerous animal, and (2) hindering prosecution. Defendant Pepper filed an affidavit of probable cause for the arrest of Nancy Smith on charges of (1) maintaining a dangerous animal, and (2) owning a dog that, while at large, bit a person. On April 3, 2015, the Smiths turned themselves in to the Justice of the Peace Court, where they both entered not guilty pleas. Following their not guilty pleas, the Smiths went to Troop 4 of the Delaware State Police. At Troop 4, the Smiths were fingerprinted, processed, and photographed by Defendant May, who is an animal control officer employed by KCSPCA. The charges against Mr. Smith were later dropped by the Department of Justice. Mrs. Smith pled guilty to one count of having a dog at large. At all times relevant hereto the Smiths allege that Defendant KCSPCA was acting under the color of state law pursuant to its contract with Sussex County Council to provide animal control services in Sussex County, Delaware. The Smiths

allege that the Defendants obtained the arrest warrant in retaliation for them (1) challenging their authority to seize Millie, (2) asserting their right to have an attorney present for any conversations with them, and (3) sending a veterinarian to check on Millie. The Smiths allege they incurred $3,913.50 in attorneys' fees and $479.73 in veterinarian bills due to the unconstitutional actions of the Defendants. The Smiths now seek damages based on the Defendants' conduct in seizing Millie and for their arrest and criminal prosecution.

## STANDARD OF REVIEW

The standards for a Rule 12(b)(6) motion to dismiss are clearly defined. The Court must accept all well-pled allegations as true.[2] The Court must then determine whether a plaintiff may recover under any reasonable set of circumstances that are susceptible of proof.[3] As a general rule, when deciding a Rule 12(b)(6) motion, the Court is limited to considering only the facts alleged in the complaint and normally may not consider documents extrinsic to it. "Where allegations are merely conclusory, however, (*i.e.*, without specific allegations of fact to support them) they may be deemed insufficient to withstand a motion to dismiss."[4] Dismissal will not

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[3] *Id.*

[4] *Lord v. Souder*, 748 A.2d 393, 398 (Del. 2000).

5

be granted if the complaint "gives general notice as to the nature of the claim asserted against the defendant."[5]  A claim will not be dismissed unless it is clearly without merit, which may be either a matter of law or fact.[6]  Vagueness or lack of detail in the pleaded claim are insufficient grounds upon which to dismiss a complaint under Rule 12(b)(6).[7]  If there is a basis upon which the plaintiff may recover, the motion is denied.[8]

## DISCUSSION

1.  *Res Judicata*

The Defendants argue that all of the Smiths' claims are barred by *res judicata* because the Superior Court resolved the Smiths' writ of prohibition challenging the seizure of Millie in the Defendants' favor.  *Res judicata* requires a final adjudication on the merits.  That did not happen in the Superior Court proceedings.  The Superior Court dismissed the Smiths' writ of prohibition as moot because by that time Millie had been returned to the Smiths. Thus, *res judicata* is not applicable.

---

[5] *Diamond State Telephone v. University of Delaware*, 269 A.2d 52, 58 (Del. 1970).

[6] *Id.*

[7] *Id.*

[8] *Id.*

6

2.  *9 Del. C.* §922(a)

The Defendants argue that all of the Smiths' claims based on the search warrant fail because Section 922(a) allows an animal control officer to seize and impound without a warrant a dog suspected of being dangerous or potentially dangerous where there is reasonable cause to believe that the dog "killed or inflicted serious physical injury upon a domestic animal or human being." Put another way, Section 922(a) allows for warrantless searches and seizures under certain circumstances. The Smiths recognize that but argue that they have federal and state constitutional protections against a warrantless search of their home and the seizure of their property. The Defendants have not put forth any authority challenging the Smiths' argument. The Smiths' claim must be addressed consistent with the context in which they have raised it.

3.  Nancy Smith

The Defendants argue that Nancy Smith's claims must be dismissed because she pled guilty to one count of having a dog at large. Mrs. Smith voluntarily, intelligently, and knowingly pled guilty to one count of having a dog at large. As such, she is collaterally estopped from contesting the constitutionality of Millie's seizure, her arrest, and her prosecution and all other claims arising therefrom. Put simply, where a litigant pleads guilty and is convicted by a court, the litigant may not

7

challenge the conviction in subsequent, civil litigation.[9]  The Defendants' Motion to Dismiss Mrs. Smith's claims is granted.

4.      Generic Pleading

The Defendants argue that the Smiths' Complaint must be dismissed because the allegations are general and conclusory. I disagree.  The Complaint is 18 pages long and contains 109 paragraphs that discuss in considerable detail the Smiths' claims against the Defendants.

5.      The Justice of the Peace Court

The Defendants argue that since the Justice of the Peace Court issued the arrest warrant for Mr. Smith that it broke any casual connection to the alleged flaws in the affidavit that was used to obtain it.  The Defendants' argument misses the point of Mr. Smith's allegation.  Mr. Smith alleges that an animal control officer has no right or authority to swear out an arrest warrant and doing so violated his constitutional rights.  Moreover, the legal authority supporting the Defendants' argument all involved legitimate police officers seeking arrest warrants.  That is not the case here.  Once again, Mr. Smith's claim must be evaluated consistent with the context in which he raised it.

---

[9] *Evans v. Meekins*, 1986 WL 14218, at \*1 (Del. Super. Dec. 3, 1986); see also *Johnson v. Raban*, 702 S.W.2d 134 (Mo.App. E.D., Dec. 17, 1985);  *Heck v. Humphrey,* 114 S. Ct. 2364 (1994).

6.    <u>All Defendants</u>

The Defendants argue that the Smiths improperly asserted "claims against Defendants for which those Defendants had no involvement." The Defendants also argue that it is "plain from the face of the Complaint that not all of the Defendants were responsible for all of the actions of which Plaintiffs complain." I agree. The Smiths have tried to bring in all of the Defendants for all of the counts by alleging that the Defendants conspired together to harm the Smiths. However, the Smiths have not pled any facts supporting their conspiracy allegations. Therefore, I will, when I address the various counts, dismiss those Defendants who are not alleged to have done anything regarding a particular count.

7.    <u>Intentional Infliction of Emotional Distress</u>

The Defendants argue that their conduct was not extreme or outrageous, thus making it impossible for the Smiths to recover on their claim of Intentional Infliction of Emotional Distress. Mr. Smith alleges in the complaint that the Defendants intentionally caused him severe emotional distress by their extreme and outrageous conduct in unlawfully seizing Millie and unlawfully arresting him. The tort of Intentional Infliction of Emotional Distress requires that a defendant or defendants intentionally engage in extreme or outrageous conduct that causes the plaintiff to

9

experience severe emotional distress.[10]  The Delaware Supreme Court has defined

"outrageous behavior" as "conduct that exceeds the bounds of decency and is

regarded as intolerable in a civilized community."[11]  In an instance where reasonable

minds may differ the court will leave the determination to the jury."[12]

Mr. Smith alleges that Millie was illegally seized by Defendants Galloway,

Hulse, and Palacio through the use of an illegal search warrant.  Mr. Smith alleges

that Defendants Pepper and May had no authority to obtain an arrest warrant for him,

arrest him, and then process him at Troop 4 of the Delaware State Police.  Mr. Smith

alleges that the actions of Defendants Usilton and Agnew in refusing to allow the

Smiths' veterinarian to see Millie after she had been seized and their failure to check

on her and provide her with the proper vaccines was outrageous and extreme.  Mr.

Smith alleges that Defendant Warburton tried to persuade the Savannah Animal

Hospital to change its report in order to make Millie look more dangerous than she

really was.  A reasonable jury could well conclude that the manner and process in

which Millie was seized and treated,  and the subsequent arrest of Mr. Smith was

sufficiently outrageous conduct by Defendants Galloway, Hulse, Warburton, Palacio,

---

[10] *Hunt v. State of Delaware, et. al.*, 69 A.3d 360, 367 (Del. 2013).

[11] *Id.* (citations omitted).

[12] *Id.*

10

Pepper, May, Usilton, Agnew, and KCSPCA to support a claim for intentional infliction of emotional distress. As I noted before, where reasonable minds may differ, the Court will leave the determination to the jury. Thus, accepting all well-pled facts as true by Mr. Smith, there is a potential basis for recovery. This Court denies Defendants' Motion to Dismiss Mr. Smith's Intentional Infliction of Emotional Distress claim.

8. <u>False Arrest and False Imprisonment</u>

The Defendants argue that the arrest of Mr. Smith was made pursuant to a valid arrest warrant based on probable cause. Mr. Smith alleges the Defendants arrested him against his will on April 3, 2015, without any legal authority to do so. "The tort of false arrest differs from the tort of false imprisonment only in terminology."[13] The elements of a claim for false imprisonment are: "(a) a restraint which is both (b) unlawful and (c) against one's will."[14] The restraint may be accomplished by physical force, by threats of force or intimidation or by assertion of legal authority."[15] "False imprisonment or false arrest is generally defined as the deprivation of the liberty of another without his consent and without legal

---

[13] *Tyburski v. Groome*, 1980 WL 333070, at *6 (Del. Super. Jan. 28, 1980) (citations omitted).

[14] *Hunt v. State,* 69 A.3d 360, 368 (Del. 2013).

[15] *Tyburski*, 1980 WL 333070, at *6.

11

justification. Legal justification is held to be the equivalent of legal authority and judged by the principles applicable to the law of arrest."[16]

The alleged facts indicate that Defendant Pepper filed an affidavit of probable cause to obtain an arrest warrant for Mr. Smith. After being notified of the arrest warrant, Mr. Smith turned himself in to the Justice of the Peace Court where he pled not guilty. Mr. Smith was then instructed to go to Troop 4 where he was fingerprinted, photographed, and processed by Defendant May. Mr. Smith contends that Defendant Pepper did not have the legal authority to obtain the arrest warrant, and no legal authority was presented that would indicate otherwise. It is also reasonable for a person to feel restrained after being told an arrest warrant has been issued in their name, and certainly it is realistic to believe that Mr. Smith could not have voluntarily decided to leave Troop 4 half-way through being processed if he so desired. As for the arrest warrant, not only is it questionable at best if Defendant Pepper had any authority to obtain one, the record is lacking any indicia of evidence that Mr. Smith hindered prosecution. Quite simply, calling the Defendants "officers" does not automatically confer any kind of police power upon them. That must be given under the Delaware Code. Thus, accepting all well-pled facts as true, there is a potential basis for recovery for Mr. Smith against Defendants Pepper, May, and

---

[16] *Id.*

KCSPCA. The Motion to Dismiss the allegations of false arrest and false imprisonment against Defendants Pepper, May, and KCSPCA is denied. The Motion to Dismiss the allegations of false arrest and false imprisonment against Defendants Galloway, Hulse, Agnew, Usilton, Palacio, and Warburton is granted as there are no facts in the complaint that would provide a potential basis for recovery.

9. Malicious Prosecution

The Defendants argue that Mr. Smith has not pled all of the allegations of a claim for Malicious Prosecution. Mr. Smith alleges that the Defendants committed the tort of malicious prosecution when they charged him with hindering prosecution. The elements of an action for malicious prosecution are set forth in *Stidham v. Diamond State Brewery*,[17] and are as follows:

1) A prior institution or continuation of some regular judicial proceedings against plaintiff in a malicious prosecution action;

2) The former proceedings were by, or at the instance of, the defendant in the malicious prosecution action;

3) The former proceeding were terminated in favor of the malicious prosecution plaintiff;

4) Malice in instituting the former proceedings;

---

[17] 21 A.2d 283, 284 (Del. Super. 1941).

5) Want of probable cause for the institution of the former proceedings; and

6) Injury of damage to the plaintiff from those former proceedings.

An examination of the pleadings with respect to the malicious prosecution allegation reveals:

1) The existence of a prior judicial proceeding against Mr. Smith. The Defendants agree that this satisfies the first element.

2) Two Defendants satisfy the second element; Defendant Pepper and KCSPCA. Defendant Pepper swore out the affidavit of probable cause to obtain the arrest warrant, and KCSPCA would potentially be liable through a theory of *respondeat superior*.

3) The third element is satisfied because the charges against Mr. Smith were dropped.

4) For the purposes of this tort, a malicious act is one which is "done with a wrongful or improper motive or with a wanton disregard of the rights of that person against who the act is directed.[18] It is conceivable a reasonable jury could find that Defendant Pepper and Defendant KCSPCA instituted the proceedings in retaliation for Mr. Smith not cooperating with their investigation, which would suggest a wrongful or

---

[18] *Sekscinski v. Harris*, 2006 WL 509541, at *2 (Del. Super. Jan. 18, 2006).

14

improper motive. Again, this is a fact determination best left for the jury.

5) The fifth element is satisfied because the complaint demonstrates that Defendant Pepper and Defendant KCSPCA had no authority to seek an arrest warrant, especially for hindering prosecution. Just because a police officer may have probable cause to seek an arrest warrant does not provide the Defendants with the same right or give them probable cause to do something they are not statutorily permitted to engage in. Additionally, they are not afforded the same protections as police officers. A possible showing can be made that Mr. Smith was not hindering prosecution but simply exercising his constitutional rights to not cooperate in the Defendants' investigation, which does not equal probable cause.

6) The final element of a malicious prosecution claim is satisfied in the complaint because Mr. Smith alleges that the actions of the Defendants led to physical and emotional injuries, pain and suffering, mental stress and anguish, inconvenience, and medical expenses.

Accepting all well-pled facts as true, there is a potential basis for recovery for Mr. Smith against Defendants Pepper and KCSPCA. The Motion to Dismiss the allegation of malicious prosecution against Defendant Pepper and Defendant KCSPCA is denied. The Motion to Dismiss the allegation of malicious prosecution against Defendants Galloway, Hulse, Agnew, Usilton, Palacio, May and Warburton

is granted as there are no facts in the complaint that would provide a potential basis for recovery.

    10.    42 *U.S.C.* §1983

Mr. Smith alleges that the Defendants violated his constitutional rights by (1) pressing charges against him for hindering prosecution without probable cause and the legal authority to do so; (2) obtaining a search warrant without probable cause and legal authority to do so and searching his house and seizing Millie; (3) obtaining an arrest warrant for him without probable cause and the authority to do so and arresting him; (4) unlawfully retaliating against him for asserting his right to an attorney; and (5) intentionally causing him severe emotional distress. The Defendants argue that they had probable cause to obtain the search and arrest warrants for Mr. Smith and that not all of the Defendants participated in the acts Mr. Smith complains about.

42 *U.S.C.* §1983 imposes civil liability on any person, acting under the authority of state law, who deprives another of a Constitutional right or privilege.[19] To prevail on his 42 *U.S.C.* §1983 claim, Mr. Smith must show that (1) he was deprived of a federal right, (2) the Defendants were acting under color of state law, and (3) that the Defendants are not protected by any qualified immunity. Mr. Smith alleges that the Defendants unconstitutionally seized his dog, Millie,

---

[19] *Strong v. Dunning, et. al.*, 2013 WL 3481452, at *4 (Del. Super. June 27, 2013).

16

unconstitutionally arrested him, unconstitutionally interfered with his right to an attorney, unconstitutionally prosecuted him, and intentionally caused him severe emotional distress. While the Defendants deny Mr. Smith's claims, Mr. Smith has identified the constitutional rights that he alleges the Defendants deprived him of. Mr. Smith alleges that the Defendants were acting under color of state law. The Defendants do not dispute this as they have stated numerous times they attempted to seize Millie pursuant to 9 *Del.C.* §922. Mr. Smith alleges that the Defendants are not protected by any qualified immunity. The Defendants do not claim that they are protected by any qualified immunity.

Defendants Galloway, Hulse, and Palacio attempted to seize Millie pursuant to 9 *Del.C.* §922. 9 *Del.C.* §922(a) states that "an animal control constable or dog warden shall seize and impound a dog suspected of being dangerous or potentially dangerous when the warden has reasonable cause to believe that the dog has engaged in 1 or more of the following: (1) killed or inflicted physical injury or serious physical upon a human being; or (2) killed or inflicted serious physical injury upon a domestic animal, provided the domestic animal was on the property of its owner or under the immediate control of its owner..." When the Smiths would not voluntarily turn over Millie, the Defendants, at the urging of the Smiths, obtained a search warrant. Mr. Smith alleges that he turned Millie over to the Defendants because they showed up

with a police officer and had a search warrant in hand. The Defendants claim that Mr. Smith voluntarily turned Millie over to them prior to the execution of the search warrant. There is no authority in the record and none has been identified that would allow the Defendants to obtain a search warrant on their own. As I noted earlier, the issue is whether Section 922, which allows a warrantless search of Mr. Smith's home and a seizure of his dog, is constitutional. Whether or not Mr. Smith voluntarily turned Millie over to the Defendants is a question of fact best left to the jury. Thus, accepting all well-pled facts as true by Mr. Smith, there is a potential basis for recovery that the Defendants violated Mr. Smith's right to be free from an unconstitutional search.

Defendant Pepper filed an affidavit of probable cause to obtain an arrest warrant for Mr. Smith. Upon being notified of the arrest warrant, Mr. Smith turned himself in to the Justice of the Peace Court where he entered a not guilty plea. After leaving the Justice of the Peace Court, Mr. Smith went to Troop 4 of the Delaware State Police where he was fingerprinted, photographed, and processed by Defendant May. The Defendants describe Mr. Smith's actions as repeatedly interfering with their job duties, but a reasonable jury could certainly conclude that Mr. Smith's actions as merely refusing to cooperate with the Defendants' investigation, which is not a crime. There is no authority in the record and none has been identified that

18

would allow the Defendants to obtain an arrest warrant on their own. Thus, accepting all well-pled facts as true by Mr. Smith, there is a potential basis for recovery that the Defendants violated Mr. Smith's right to be free from an unconstitutional arrest. The Defendants have not addressed Mr. Smith's complaints about the alleged violation of his right to counsel or improperly pressing criminal charges against him in this count. Similarly, the Defendants have not addressed in this count Mr. Smith's allegations of intentional infliction of emotional distress. However, to the extent that the Defendants addressed these allegations in other counts, I addressed their arguments.

This is not a situation where the Defendants possessed the authority, similar to a police officer, to obtain either a search warrant or an arrest warrant. Therefore, accepting all well-pled facts as true, the Defendants' Motion to Dismiss the 42 *U.S.C.* §1983 claim against Defendants Galloway, Hulse, Palacio, Pepper, May, and KCSPCA is denied. The Motion to Dismiss the 42 *U.S.C.* §1983 claim against Defendants Usilton, Warburton, and Agnew is granted as there are no facts in the record that would conceivably allow a basis for recovery.

## CONCLUSION

Defendants' Motion to Dismiss the Intentional Infliction of Emotional Distress claim is **DENIED** in part and **GRANTED** in part.

Defendants' Motion to Dismiss the False Arrest/False Imprisonment claim is **DENIED** in part and **GRANTED** in part.

Defendants' Motion to Dismiss the Malicious Prosecution claim is **DENIED** in part and **GRANTED** in part.

Defendants' Motion to Dismiss the 42 *U.S.C.* §1983 allegations are **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc: Prothonotary

20